UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION



FILED
APR 04 2014

*******************************************************************************

| | | |
|---|---|---|
| THOMAS O. MORGAN, | * | CIV. 14-3003 |
| Plaintiff, | * | |
| | * | REPORT AND RECOMMENDATIONS |
| -vs- | * | FOR DISPOSITION OF |
| | * | POST-CONVICTION MOTIONS |
| UNITED STATES OF AMERICA, | * | |
| Defendant. | * | |

*******************************************************************************

## SUMMARY

Thomas O. Morgan, a Native American inmate, housed in a South Dakota state prison and proceeding *pro se*, has filed motions to vacate, set aside or correct his federal sentence under 28 U.S.C. §2255 and for "resentencing." Through these motions, he seeks to be transferred to a tribal jail within the state that is closer to his home and family. Because the §2255 and resentencing motions are neither cognizable nor ones for which relief may be granted, they should be denied and the case dismissed without prejudice.

## FACTUAL BACKGROUND

Morgan was originally charged with two felony assault with a dangerous weapon offenses (contrary to 18 U.S.C. §§1153 and 113(a)(3)) in the District of South Dakota. At the time, he was an inmate at the Mike Durfee State Prison in Springfield, South Dakota. Pursuant to a writ of habeas corpus *ad prosequendum*, Morgan was taken into federal

custody to answer the assault charges. He later pled guilty to two lesser charges, simple assault and assault by striking, beating and wounding (in violation of §1153 and 18 U.S.C. §§113(a)(4) and 113(a)(5)), both Class B misdemeanors/petty offenses.[1] This Court sentenced him on August 13, 2013, to a six-month custody term on each offense, to be served consecutively, with credit for time served (70 days) which was to run concurrent with his existing state sentence. The remaining custody time on the simple assault offense and the entire time on the striking, beating and wounding offense were to be served after his state custody term had been completed. He did not appeal his conviction or sentence.

Following sentencing, Morgan was returned to the same prison and remains housed there serving his state sentence. The custody term on that sentence does not expire until October 19, 2016. But, he is eligible for parole on May 27, 2014.

Last month, Morgan filed a motion under §2255 in the District of South Dakota. By way of relief, he asks to be resentenced and transferred to the custody of the Lower Brule Justice Center, a tribal facility, where he would spend the balance of his federal custody time. He maintains that he should be moved to the Justice Center because the offenses of conviction occurred on the nearby Crow Creek Indian Reservation. Further, he says that placement at the Center would allow him to be closer to his home, family and children and lessen the danger he "seeming[ly]" faces if required to serve his sentence in a federal facility.

---

[1] *See* 18 U.S.C. §19 (defining a petty offense as "a Class B misdemeanor...").

2

Morgan also simultaneously filed a motion for "resentencing." The motion does not contain any description of his claims, only case names, legal citations and summaries relating to jurisdictional issues. Included with the motion, is an affidavit that makes mention of a motion for sentence reduction and collateral review and of his §2255 motion, but the affidavit is devoid of any substantive assertions and appears to be nothing more than a proof of service document.

## DISCUSSION

### A. Magistrate Judge Authority in a Petty Offense/2255 Case

As in other federal, civil and criminal cases, the Federal Magistrates Act[2] and the §2255 Rules[3] give a district judge in a §2255 case the discretion to designate a magistrate judge to hear, but not finally determine, dispositive matters[4] as long as the magistrate judge's recommendations are subject to meaningful *de novo* review by the district judge.[5]

---

[2]*See* 28 U.S.C. §636(b)(2); *see also* Rule 10 of the Rules Governing §2255 Proceedings ("A magistrate judge may perform the duties of a district judge under these rules as authorized by 28 U.S.C. §636.").

[3]*See* Rule 8(b) of the Rules Governing §2255 Proceedings.

[4]*See United States v. Raddatz*, 447 U.S. 667, 673-74 (1980) (discussing 28 U.S.C. §636(b)(1)(B)); *see also Gomez v. United States*, 490 U.S. 858, 868-71 (1989) (describing the types of matters that a magistrate may be assigned); *id.* at 864-65 (rejecting opposing views that magistrate judges are "'supernotar[ies]'" relegated to "'irksome ministerial tasks'" and that they are "'para-judge[s]'" with a "'a wide range of substantive judicial duties and advisory functions'" taking instead a middle position that "limited, advisory review, subject to the district judge's ongoing supervision and final decision, [is] among the 'range of duties' that Congress intended magistrates to perform").

[5]*See Gomez*, 490 U.S. at 874-75 (district judge should not assign magistrate judges tasks that the district judge thereafter cannot "review . . . meaningfully").

3

In one important respect, the Magistrates Act and the §2255 Rules grant magistrate judges with authority in §2255 proceedings that they do not have in other federal cases. Unlike in most civil proceedings, a district judge has the discretion, whether or not the parties agree, to refer the case as a whole, including final hearings on the merits, to a magistrate judge with instructions to conduct any necessary proceedings and propose whatever dispositions are appropriate.[6]

But in situations involving post-trial adjudication by a magistrate judge of a dispositive matter, only the district judge has the power to enter final judgment. The magistrate judge's role is limited to submitting proposed findings of fact and recommendations for disposition of the matter to the district judge.[7]

Notwithstanding this, can a magistrate judge rule on and dispose of a federal inmate's motion under §2255 that seeks to "correct" the petty offense sentence the same judge earlier imposed? Without consent, the answer is clearly no.[8] And even with consent,

---

[6]See §636(b)(1)(B); Rule 8(b) of the Rules Governing §2255 Proceedings.

[7]See id.; see also Raddatz, 447 U.S. at 673 ("as to 'dispositive' [matters], a magistrate has no authority to make a final and binding disposition").

[8]See Santos-Sanchez v. United States, 548 F.3d 327, 330-31 (5th Cir. 2008), abrogated on other grounds by Padilla v. Kentucky, 559 U.S. 356 (2010); Wright v. Robinson, 113 Fed. Appx. 12, 14-15 (5th Cir. 2005); Farmer v. Litscher, 303 F.3d 840, 843-45 (7th Cir. 2002); United States v. Johnston, 258 F.3d 361, 364-66 (5th Cir. 2001); United States v. Bryson, 981 F.2d 720, 726 (4th Cir. 1992); Orsini v. Wallace, 913 F.2d 474, 476-77 (8th Cir. 1990), cert. denied, 498 U.S. 1128 (1991); see also Technical Automation Services Corp. v. Liberty Surplus Ins. Corp., 673 F.3d 399, 404-07 (5th Cir. 2012) (a federal magistrate judge, with the consent of the parties, has the constitutional authority, even after Stern v. Marshall, 131 S.Ct. 2594 (2011), to enter final judgment on a party's state law counterclaim); Sinde v. Gerlinski, 252 F.Supp.2d 144, 147-48 (M.D. Pa. 2003) (consensual delegation of a federal

(continued...)

it is debatable whether Article III strictures preclude a magistrate judge from rendering a final decision on a §2255 motion in that judge's own petty offense case.[9]

Given the lack of consent (by both parties) here and the structural problems that Article III of the Constitution generates,[10] caution and prudence call for this Court to preside over and decide Morgan's §2255 motion on a report and recommendation basis. The District Court was advised of these concerns and thereafter referred the case to this Court to handle and submit recommendations for disposition. This report follows.

## B. *In Forma Pauperis*

Morgan moves to proceed *in forma pauperis* (IFP) in this case. A federal court may authorize the commencement of any suit, action or proceedings, civil or criminal, without prepayment of fees or security therefor, when a movant files an affidavit that includes a

---

[8](...continued)
inmate's 28 U.S.C. §2241 petition for disposition by a magistrate judge under 28 U.S.C. §636(c) comported with Article III of the Constitution).

[9]*Compare United States v. Sanchez*, 258 F.Supp.2d 650, 655-56 (S.D. Tex. 2003) (citing *Johnston*, 258 F.3d at 366-72) *with Bryson*, 981 F.2d at 723-26 & n.4; *see also White v. Thaler*, 610 F.3d 890, 895-96 (5th Cir. 2010) (discussing magistrate judge authority under §2255 and 28 U.S.C. §2254 and holding that a magistrate judge had the authority to dispose of a state habeas corpus case with the consent of the parties under §636(c) and that this authority did not violate the separation of powers doctrine set forth in the Constitution's Article III); *Santos-Sanchez*, 548 U.S. at 330 (magistrate judge's authority to sentence in a petty offense case did not inherently include the authority to grant a petition for a writ of *coram nobis*).

[10]*See id.*

statement of all assets he possesses and that he is unable to pay such fees or give security for the same.[11]

Significantly, there is no filing fee required of a §2255 movant and thus no need for him to submit one.[12] And denial of IFP status is warranted when the movant's claims for relief are not cognizable.[13]

Morgan cannot show a financial inability to pay the required filing fee for his case because there is no such fee.[14] Nor has he stated an actionable claim under §2255 or otherwise.[15] His IFP motion should therefore be denied.

## C. Appointment of Counsel

Morgan has not requested to have counsel appointed for him. Yet, in view of the mandatory and discretionary provisions of §2255 Rules,[16] this Court must nevertheless decide whether he is entitled to the appointment of counsel.

---

[11]*See* 28 U.S.C. §1915(a).

[12]*See* Advisory Committee Notes to Rule 3 of the Rules Governing §2255 Proceedings ("[t]here is no filing fee required of a movant under these rules"; and "there is no need to have an in forma pauperis affidavit to proceed with [an] action since there is no requirement of a filing fee for filing [a §2255] motion").

[13]*See Lister v. Department of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

[14]*See United States v. Garcia*, 164 Fed. Appx. 785, 786 & n.1 (10th Cir. 2006).

[15]*See* 28 U.S.C. §1915(e)(2)(B)(ii); *see also Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (a district court may dismiss an action filed IFP "at any time" if the court determines that the action fails to state a claim on which relief can be granted); *Kruger v. Erickson*, 77 F.3d 1071, 1074, n.3 (8th Cir. 1996) (*per curiam*) (IFP application should be denied where habeas petition cannot be entertained).

[16]*See* Rule 8(c) of the Rules Governing §2255 Proceedings.

At the outset, it must be observed that there is neither a constitutional nor a statutory right to counsel in §2255 proceedings.[17] Instead, the appointment of counsel is committed to the discretion of the reviewing court.[18]

A court, however, may appoint counsel in a §2255 case if the "interests of justice so require."[19] If the court conducts an evidentiary hearing, then the interests of justice require the appointment of counsel.[20] If no evidentiary hearing is necessary, then the appointment of counsel is discretionary.[21]

In exercising its discretion, a court should first determine whether the §2255 movant has presented a non-frivolous claim.[22] If the movant's claims are frivolous or clearly

---

[17]See *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Baker v. United States*, 334 F.2d 444, 447-48 (8th Cir. 1964); see also Advisory Committee Notes to Rule 1 of the Rules Governing §2255 Proceedings ("The fact that a motion under §2255 is a further step in the movant's criminal case rather than a separate civil action . . . does *not* mean that proceedings upon such a motion are of necessity governed by the legal principles which are applicable at a criminal trial regarding such matters as counsel, presence, confrontation, self-incrimination, and burden of proof.") (emphasis in the original)).

[18]See *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996); *Baker*, 334 F.2d at 447-48.

[19]18 U.S.C. §3006A(a)(2)(B); 28 U.S.C. §2255(g).

[20]See Rule 8(c) of the Rules Governing §2255 Proceedings; see also *Green v. United States*, 262 F.3d 715, 716-19 (8th Cir. 2001); *Roney v. United States*, 205 F.3d 1061, 1063 (8th Cir. 2000).

[21]*United States v. Degand*, 614 F.2d 176, 179 (8th Cir. 1980); *Yellow Hawk v. United States*, 314 F.Supp.2d 921, 927 (D.S.D. 2004).

[22]See *Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir.), *cert. denied*, 513 U.S. 857 (1994); *Gomez v. United States*, 100 F.Supp.2d 1038, 1042 (D.S.D. 2000).

without merit, then the court should dismiss the case without appointing counsel.[23] But if the movant's claims are not frivolous, the court should then proceed to determine whether, given the particular circumstances of the case, the appointment of counsel would benefit the movant and the court to such an extent "that the interests of justice so require it."[24] Due consideration should be given to the legal and factual complexity of the case, the movant's ability to investigate and present his claims and any other relevant factors.[25]

Applying these factors to the case at hand, this Court concludes that the interests of justice do not require the appointment of counsel. Morgan has explained his claim in a sufficiently clear and concise manner to enable the Court to decide whether §2255 relief is warranted.[26] And the claim does not involve complex legal issues or require any real fact investigation.[27] More importantly, the claim is one that is not justiciable in a §2255 case or,

---

[23] *See* Rule 4 of the Rules Governing §2255 Proceedings.

[24] §3006A(a)(2)(B); *Nachtigall v. Class*, 48 F.3d 1076, 1081 (8th Cir. 1995).

[25] *See McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1987); *Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *United States v. Hill*, 171 F.Supp.2d 1032, 1035-36 (D.S.D. 2001).

[26] *See Nachtigall*, 48 F.3d at 1092; *Yellow Hawk*, 314 F.Supp.2d at 927.

[27] *See McCall*, 114 F.3d at 756; *Yellow Hawk*, 314 F.Supp.2d at 927; *see also Fernandez-Malave v. United States*, 502 F.Supp.2d 234, 241 (D. P.R. 2007) (the appointment of counsel for a §2255 movant is very rare and is typically reserved for the truly complex and legally subtle case) (*citing United States v. Mala*, 7 F.3d 1058, 1063-64 (1st Cir. 1993), *cert. denied*, 511 U.S. 1086 (1994)).

if properly before the Court, provides him with no basis for relief.[28] For these reasons, the Court finds it unnecessary to appoint counsel for Morgan and declines to do so.

### D. Evidentiary Hearing

Although Morgan did not request an evidentiary hearing, this Court must still determine if one is mandated or otherwise called for to resolve his claim.[29] The District Court's referral order likewise instructs, at least implicitly, that this be done.

"A §2255 movant is entitled to an evidentiary hearing unless 'the motion and the files and records of the case conclusively show that [he] is entitled to no relief.'"[30] "No hearing is required where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based."[31]

Here, this Court can determine from Morgan's motion and the supporting record that he is not entitled to §2255 relief. No evidentiary hearing, therefore, is obligatory or

---

[28]*See* Rule 4 of the Rules Governing §2255 Proceedings; §3006A(a)(2)(B).

[29]*See* Rules 4(b) and 8(a) of the Rules Governing §2255 Proceedings; *see also Smith v. United States*, No. 06-CV-2021-LRR, 04-CR-2002-LRR, 2008 WL 4911864 at *1 (N.D. Iowa Nov. 14, 2008).

[30]*Sinisterra v. United States*, 600 F.3d 900, 906 (8th Cir. 2010) (*quoting* 28 U.S.C. §2255(b)).

[31]*Id.* (*quoting Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007); *see also Tinagero-Ortiz v. United States*, 635 F.3d 1100, 1105 (8th Cir.) ("A §2255 motion can be dismissed without a hearing if '(1) the [movant's] allegations, accepted as true, would not entitled [him] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" (*quoting Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003), *cert. denied*, 132 S.Ct. 315 (2011)).

warranted.[32] This being the case, the Court shall proceed to adjudicate his motion "as justice dictates."[33]

**E. §2255 versus §2241**

**1. Generally**

§2255 permits an inmate to seek relief on the ground "that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose the sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack."[34] A motion made pursuant to §2255 requires a showing of either constitutional or jurisdictional error or a fundamental defect resulting in a complete miscarriage of justice.[35] And the motion must be brought in the district of the sentencing court.[36]

By contrast, a federal inmate's challenge to the fact or duration of his confinement, that does not stem from the original conviction or sentence, can be brought only under 28

---

[32]See *Winters v. United States*, 716 F.3d 1098, 1103 (8th Cir.), *cert. denied*, 134 S.Ct. 447 (2013); *Saunders v. United States*, 236 F.3d 950, 952 (8th Cir.), *cert. denied*, 533 U.S. 917 (2001).

[33]See Rules 4(b) and 8(a) of the Rules Governing §2255 Proceedings.

[34]28 U.S.C. §2255(a).

[35]See *Davis v. United States*, 417 U.S. 333, 346 (1974); *Hill v. United States*, 368 U.S. 424, 428 (1962); *see also Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (*en banc*) (*quoting Davis* and *Hill* and emphasizing that "the permissible scope of a §2255 collateral attack on a final conviction or sentence is severely limited").

[36]See *Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002).

U.S.C. §2241.[37] Thus, if an inmate claims he is being illegally detained, his remedy is by way of a petition for writ of habeas corpus under §2241(a).[38] Stated another way, an inmate who disputes the manner, location, conditions or execution of his sentence must do so through a §2241 petition.[39] Such a petition must be brought in the district where the inmate is incarcerated, not where he was sentenced.[40]

## 2. Morgan's §2255 Motion

In his §2255 motion, Morgan attacks the execution, rather than the validity, of his sentence. §2255 though is not the proper vehicle for the relief (transfer to a tribal detention facility) he seeks. Accordingly, the motion is not cognizable under §2255 and should be dismissed for lack of subject matter jurisdiction.[41]

---

[37]See *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001) (*citing Walker v. O'Brien*, 216 F.3d 626, 632-33 (7th Cir.), *cert. denied*, 531 U.S. 1029 (2000)); *see also Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973) (The "heart of habeas corpus" relief is to provide a remedy for an inmate "challenging the fact or duration of his physical confinement" or "seeking immediate release or a speedier release from that confinement.")

[38]See *United States v. Hutchings*, 835 F.2d 185, 186 (8th Cir. 1987).

[39]See e.g. *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001); *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000); *United States v. Jalili*, 925 F.2d 889, 893-94 (6th Cir. 1991); *United States v. McMorrow*, Nos. 1:03-cr-080, 1:08-cv-004, 2009 WL 689891 at *2 (D.N.D. Mar. 10, 2009).

[40]See *Matheny*, 307 F.3d at 711; *see also United States v. Monteer*, 556 F.2d 880, 881 (8th Cir. 1977) ("habeas corpus jurisdiction [under §2241] lies only when petitioner's custodian is within the jurisdiction of the district court").

[41]See *Hutchings*, 835 F.2d at 186; *Bell v. United States*, 48 F.3d 1042, 1043 (8th Cir. 1995); *Jiminian*, 245 F.3d at 146 (a motion pursuant to §2255 generally challenges the execution of a federal prisoner's sentence, including prison transfers).

3. §2241

Even if Morgan's §2255 motion is construed as a petition for writ of habeas corpus under §2241(a), which some courts have done,[42] he fares no better in his request for relief. He must overcome an exhaustion hurdle that he has not shown to have cleared. And beyond this hurdle is a towering wall that he cannot climb over – because he has no right to be placed in a facility of his own choosing.

a. Exhaustion

It is well settled that an inmate must exhaust his available administrative remedies before seeking §2241 habeas relief.[43] This exhaustion requirement recognizes the notion that agencies, not the courts, ought to have primary responsibility for the programs that Congress has charged them to administer and to be able to exercise their discretionary power and apply their special expertise.[44] Exhaustion also acknowledges the important dispute resolution concept that an agency should have an opportunity to correct its own

---

[42]*See e.g. Hutchings*, 835 F.2d at 181; *Lee v. United States*, 501 F.2d 494, 500-01 (8th Cir. 1974); *see also Baeza-Moreno v. United States*, Nos. 11-CV-1720-BEN, 11-CR-797-BEN, 2013 WL 6190938 at *1 (S.D. Cal. Nov. 25, 2013) (construing an equal protection challenge, made in a §2255 motion, to the constitutionality of certain Bureau of Prisons' policies as one attacking the manner in which sentence was being executed under §2241); *United States v. Franco*, Nos. CV 07-03517-MMM, CR 92-00879-JGD, 2009 WL 482305 at *2 (C.D. Cal. Feb. 23, 2009) (when a *pro se* inmate brings a §2255 motion that raises issues more properly addressed under §2241, a court should treat the motion as a §2241 petition).

[43]*See Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009); *United States v. Chappel*, 208 F.3d 1069, 1069-70 (8th Cir. 2000) (*per curiam*); *Kendrick v. Carlson*, 995 F.2d 1440, 1447 (8th Cir. 1993).

[44]*See McCarthy v. Madigan*, 503 U.S. 140, 145 (1992).

mistakes with respect to programs it administers before being hailed into court.[45] What's more, exhaustion promotes judicial efficiency by either mooting controversies through administrative resolution or by developing a "useful record for subsequent judicial consideration" if administrative remedies fail.[46]

The Bureau of Prisons (BOP) has created a three-step administrative review process for federal inmates.[47] Completion of all three steps is required to satisfy the exhaustion requirement.[48]

It is unclear whether Morgan has pursued, much less fully exhausted, his administrative remedies within the BOP. He must do so first before seeking habeas corpus relief.[49] After all, he may be able to resolve his claim so that judicial intervention, in the future, can be avoided – and do so ahead of time, before he begins serving what is left of his federal custody sentence.

**b. Legal Right to Placement and Transfer**

A federal inmate has no constitutional right to be placed in or transferred to a particular correctional facility.[50] Constitutionally speaking, such placements and transfers

---

[45]*See id.*

[46]*Id.* at 145-46.

[47]*See* 28 C.F.R. §§542.10-.19 (2014).

[48]*See United States v. Loudner*, No. CIV 12-30144-RAL, 2014 WL 347806 at *2 (D.S.D. Jan. 31, 2014).

[49]*See Mathena*, 577 F.3d at 946; *Chappel*, 208 F.3d at 1069.

[50]*See Olim v. Wakinekona*, 461 U.S. 238, 245-48 (1983); *Meachum v. Fano*, 427 U.S.

(continued...)

are discretionary, so long as they are not done for prohibited or invidious reasons and do not rise to violations of independently guaranteed rights on their own weight.[51] The BOP, however, must comply with federal law as well as its own regulations and policies and must apply them in a non-discriminatory manner.[52]

18 U.S.C. §3621(b) "provides the BOP with broad discretion to choose the location of an inmate's imprisonment."[53] The statute circumscribes this authority somewhat by setting forth "criteria that must be considered by the BOP in making placement determinations" on a case-by-case basis.[54] Once the BOP evaluates an inmate's case based on the criteria, it has the freedom to place the inmate at any facility that meets the appropriate standards.[55]

---

[50](...continued)
215, 223-25 (1976); *see also Moody v. Daggett*, 429 U.S. 78, 88, n. 9 (1976) ("In *Meachum* . . . no due process protections were required upon the discretionary transfer of state prisoners to a substantially less agreeable prison, even where that transfer visited a 'grievous loss' upon the inmate.  The same is true of prisoner classification and eligibility for rehabilitative programs in the federal system.  Congress has given federal prison officials full discretion to control these conditions of confinement . . . and petitioner has no legitimate statutory or constitutional entitlement sufficient to invoke due process.").

[51]*See Moorman v. Thalacker*, 83 F.3d 970, 973 (8th Cir. 1996) (*citing Vitek v. Jones*, 445 U.S. 480, 493 (1980)).

[52]*See Melvin v. Petrovsky*, 720 F.2d 9, 12 (8th Cir. 1983).

[53]*Fults v. Sanders*, 442 F.3d 1088, 1090 (8th Cir. 2006).

[54]*See id.* at 1091.

[55]*See id.* at 1092.

The BOP has established rules, regulations and policies to provide guidance in addressing inmate placement and transfer requests.[56] These administrative enactments spell out the canons and procedures for such requests.

Morgan seeks to be assigned (presumably after he has finished his state custody sentence) to what is, in essence, a tribal jail that is in close vicinity to his family. He fails, however, to cite to any authority that gives him the right to be designated to or placed at a facility of his choice in order to be closer to relatives. And this Court is unaware of any such authority. The only authority the Court has found undercuts, rather than supports, the relief he asks for.[57]

While Morgan may desire to be incarcerated in a place close to home, he does not have the right to pick and choose where he serves his federal custody sentence.[58] That is

---

[56] *See* BOP Program Statement (PS) 5100.08 (Sept. 12, 2006) & PS 5160.05 (Jan. 16, 2003); *see also Elwell v. Fisher*, 716 F.3d 477, 486 (8th Cir. 2013) (*citing* PS 5160.05 and discussing factors BOP must consider when making a federal inmate's facility placement in advance or by *nunc pro tunc* designation after-the-fact); *Jordan v. Longley*, No. CIV 08-4080-RHB, 2008 WL 4691813 at **5-6 (D.S.D. Oct. 20, 2008) (applying PS 5100.08 ch. 7 to federal inmate's "nearer release transfer").

[57] *See Becerra v. Miner*, 248 Fed. Appx. 368, 370 (3rd Cir. 2007) (inmate has no "due process interest in his assignment to a particular institution, including one closer to his family"); *Davis v. Carlson*, 837 F.2d 1318, 1319 (5th Cir. 1988) (BOP has no duty to transfer an inmate to a facility closer to his wife's residence); *Brown-Bey v. United States*, 720 F.2d 467, 470 (7th Cir. 1983) (if petitioner "wants to be transferred closer to his family and friends, he fails to state a cognizable federal claim"); *Moore v. United States Attorney General*, 473 F.2d 1375, 1376 (5th Cir. 1973) (petitioner cannot seek a writ of mandamus to compel the Attorney General or warden to transfer him to a facility closer to his family because such a claim is not cognizable under federal law).

[58] *See id.*

15

up to the BOP to decide.[59] Whether a placement decision for him has been made yet is unclear. What is clear is this: based on the record now before the Court, Morgan has failed to state a cognizable claim which he is entitled to relief for under §2241(a).[60]

## F. Motion for Resentencing

Morgan has filed, along with his §2255 motion, a separate motion for "[r]esentencing." While hard to decipher, the latter motion appears to attack this Court's jurisdiction over the offenses he pled guilty to and was convicted of and, at the same time, asks that he be resentenced (apparently by the same court), and transferred to the Lower Brule Justice Center, near where both of the crimes occurred and he and his family reside. Insofar as he seeks relief based on the execution of his sentence (placement in a tribally run detention facility), his motion should be construed and handled in the same manner as his §2255 motion (i.e. as a §2241 petition that he is not entitled to legal redress on).[61] To the extent that he contests the Court's subject matter jurisdiction, his motion should be treated as a motion under §2255 (because it raises a potential jurisdictional defect) and merged into

---

[59] See §3621(b); *Fegans v. United States*, 506 F.3d 1101, 1103 (8th Cir. 2007); see also *Elwell*, 716 F.3d at 486 ("The BOP is authorized to designate a facility (federal or state) as the site for a defendant convicted of a federal offense to serve his federal sentence.").

[60] See *Jordan*, 2008 WL 4691813 at **2, 4-8; *Levitt v. Cooley*, No. Civ. 06-4228, 2007 WL 1240201 at **1-2 (D.S.D. April 26, 2007); *Antonelli v. Sanders*, No. 2:06CV00052SWW-JFF, 2006 WL 667964 at **1-3 (E.D. Ark. Mar. 15, 2006), aff'd, 223 Fed. Appx. 541 (8th Cir. 2007).

[61] See *Lueth v. Beach*, 498 F.3d 795, 797 (8th Cir. 2007), cert. denied, 552 U.S. 1121 (2008); *Loudner*, 2014 WL 347806 at *2; see also *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005) (noting that a *pro se* motion should be liberally construed to afford review on any "legally justifiable base").

the §2255 motion he concurrently filed.[62] Regardless of how it is presented, any jurisdictional challenge Morgan makes is without merit and provides him with no traction for relief.

Jurisdiction over certain specified offenses committed by Indians in Indian country was conferred on federal courts nearly 130 years ago when Congress passed the Major Crimes Act (MCA).[63] Jurisdiction over non-enumerated crimes was not expressly conferred on federal courts and ordinarily remains in tribal courts.[64]

The question of jurisdiction over lesser-included offenses under the MCA arose in *Keebel v. United States*.[65] There, the United States Supreme Court interpreted 18 U.S.C. §3242, which provides that Indians prosecuted under the MCA "shall be tried in the same courts, and in the same manner, as are all other persons committing such offenses within the exclusive jurisdiction of the United States." Based on the language of this statute, the Supreme Court held that Congress intended for Indians to benefit from a lesser-offense instruction in the same way as non-Indians charged with the same offenses.[66]

---

[62]*See Sun Bear*, 644 F.3d at 704; *Youngman v. United States*, No. 3:11-cv-03009, 2011 WL 2312092 at *2 (D.S.D. June 10, 2011); *McMorrow*, 2009 WL 689891 at *2.

[63]*See* Act of Mar. 3, 1885, §9, 23 Stat. 362, 385 (codified as amended at 18 U.S.C. §1153).

[64]*See United States v. Wheeler*, 435 U.S. 313, 322-25 & n. 22 (1978); *see generally* Cohen's Handbook of Federal Indian Law, §9.04 (2012); William C. Canby, Jr., *American Indian Law in a Nutshell* at 150 (5th ed. 2009).

[65]412 U.S. 205 (1973).

[66]*Id.* at 210-12.

Although *Keebel* dealt only with the right to a jury instruction on a lesser included offense and not whether jurisdiction existed to convict and sentence on that offense,[67] four circuits, including the Eighth Circuit, have since sustained convictions based on lesser included offenses.[68] Granted, *Keebel* left open the question of whether an Indian defendant is entitled to plead guilty in federal court to a reduced charge over which the court would not originally have jurisdiction under the MCA. But the dictates of *Keebel* and of those federal appellate courts that have interpreted its scope and breadth[69] compel this Court to conclude that such a practice would not be held to be an undue extension of federal authority. Indeed, forbidding the practice may force an Indian defendant like Morgan to trial on MCA charges when he otherwise bargained for convictions of lesser offenses.

---

[67] *See id.* at 212-14.

[68] *See United States v. Walkingeagle*, 974 F.2d 551, 553-54 (4th Cir. 1992), *cert. denied*, 507 U.S. 1019 (1993); *United States v. Demarrias*, 876 F.2d 674, 675-77 (8th Cir. 1989); *United States v. Bowman*, 679 F.2d 798, 799-800 (9th Cir. 1982), *cert. denied*, 459 U.S. 1210 (1983); *United States v. John*, 587 F.2d 683, 685-88 (5th Cir.), *cert. denied*, 441 U.S. 925 (1979); *Felicia v. United States*, 495 F.2d 353, 354-55 (8th Cir.), *cert. denied*, 419 U.S. 849 (1974); *see also United States v. Bruce*, 394 F.3d 1215, 1221 (9th Cir. 2005) (observing, in its summary of the rules governing criminal jurisdiction in Indian country, that federal jurisdiction under §1153 may extend the enumerated crimes in the statute to lesser included offenses); *United States v. Iron Shell*, 633 F.2d 77, 90 (8th Cir. 1980) (defendant's argument, namely, that the court's jurisdiction extends only to those crimes specifically enumerated in the MCA, is "an unnecessarily narrow reading of the statute and of the applicable case law"), *cert. denied*, 450 U.S. 1001 (1981); *United States v. Knife*, 592 F.2d 472, 475, 482 (8th Cir. 1979) (affirming an Indian defendant's conviction for the lesser included offense of striking, beating and wounding); *but see United States v. Narcia*, 776 F.Supp. 491, 493-94 (D. Ariz. 1991) (rejecting *Keeble* as a basis for charging under §1153, a non-enumerated, but lesser included, offense; §1153's reference to "robbery" did not authorize the charge of attempted robbery as a lesser included offense).

[69] *See id.*

Moreover, §3242 explicitly states that a defendant must be "tried... in the same manner," and fairness to that defendant requires giving him the opportunity to plead to a lesser included crime if that is what he wants to do.

This Court had jurisdiction to convict and sentence Morgan to the two lesser included offenses (simple assault and assault by striking, beating and wounding) he pled guilty to. Hence, any assumed objections, interposed now to the Court's authority to adjudicate these offenses, should be overruled.

## CONCLUSION

There is no compelling reason to grant Morgan leave to proceed IFP, to appoint counsel for him or to hold an evidentiary hearing. His §2255 motion is really one that challenges the execution of his sentence and should have been brought pursuant to §2241(a). Construing the motion as a §2241 petition, it is subject to dismissal on exhaustion grounds and for failure to state a claim upon which relief can be granted. His resentencing motion fails as well for the same reasons as his §2255 motion and, with respect to any jurisdictional challenge he makes, on the merits.

## RECOMMENDATIONS

In accordance with the discussion in this report, it is hereby

RECOMMENDED that Morgan's motion, brought pursuant to §2255, be ruled on and disposed of without counsel being appointed for him or an evidentiary hearing being held. It is further

19

RECOMMENDED that Morgan's motions under §2255, for resentencing and to proceed IFP[70] all be denied and that the case be dismissed without prejudice.

## NOTICE

An aggrieved party has 14 calendar days after service of this report and these recommendations to file written objections to the same,[71] unless an extension of time for cause is obtained.[72]  Failure to file timely objections will result in the waiver of the right to appeal questions of fact.[73]  Objections must "identify[ ] those issues on which further review is desired[.]"[74]

Dated this 4th day of April, 2014, at Pierre, South Dakota.

BY THE COURT:

_Mark A. Moreno_
MARK A. MORENO
UNITED STATES MAGISTRATE JUDGE

---

[70]See Dkt. Nos. 1, 3, 5.

[71]See §636(b)(1); Fed. R. Civ. P. 72(b); Rule 8(b) of the Rules Governing §2255 Proceedings.

[72]See Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990); Nash v. Black, 781 F.2d 665, 667 & n.3 (8th Cir. 1986) (citing Thomas v. Arn, 474 U.S. 140, 155 (1985)).

[73]See Thompson, 897 F.2d at 357; Nash, 781 at 667.

[74]Arn, 474 U.S. at 155.